IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAWN M. RATHBUN,

      Plaintiff,

v.                                                Civ. No. 22-478 SCY

MARTIN O'MALLEY,
Commissioner of Social Security,

      Defendant.

**ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES**

      This matter comes before the Court on Plaintiff's Attorney's Motion For An Award Of Attorney's Fees Under 42 U.S.C. 406(b), filed October 30, 2024. Doc. 36. Plaintiff's counsel requests a fee award of $12,811.93 for work performed in this Court resulting in a successful Social Security benefits award. The Commissioner indicates he is not a party to § 406(b) fee awards and "neither supports nor opposes" the request. Doc. 36 at 1; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants"). Having considered the Motion and the relevant law, I grant Plaintiff's counsel's motion in part but decline to award the full amount of the fee requested.

**LEGAL STANDARD**

      Attorney's fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the agency and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b).

For representation in court proceedings, a court may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute limits a fee award for representation before a court to 25% of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2. If the amount the agency withholds in reserve for attorney's fees is less than the amount the court awards to counsel under § 406(b), counsel must look to the claimant rather than the agency to recover the difference. *See Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008).

Although § 406(b) permits contingency fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if they fall below this number. *Id*. at 807 n.17. In acting as an "an independent check" to ensure that fees are reasonable, there is no presumption that 25% of the past-due benefits is reasonable. *Id.* at 807 n.17.

Counsel bears the burden of demonstrating the reasonableness of the fees. *Id*. at 807. The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808. Factors relevant to the reasonableness of the fee request include: (1) the character of the representation and the results the representative achieved; (2) whether the attorney was responsible for any delay; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* "If the

benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

### REASONABLENESS DETERMINATION

The full amount of the present fee request is not reasonable. Some factors weigh in favor of the request and others weigh against it. First, the factor relating to timeliness does not favor the fee request. I have opined that to be timely, § 406(b) fee requests should be filed within one month of the Notice of Award. *Montgomery v. Saul*, No. 17cv526 SCY, 2020 WL 6342782, at *2 n.4 (D.N.M. Oct. 29, 2020). In that case, I granted a fee request that was filed "within three months of the Notice of Award," but advised that, "The Court would prefer, in the future, that such motions be filed within one month." *Id.* Here, the motion was filed more than three months (July 22, 2024 to October 30, 2024) after the Notice of Award, which was promptly mailed to counsel. Doc. 37-3. Counsel provides no explanation for the delay.

Second, I do find that Counsel's representation was more than adequate and yielded a fully favorable decision from the agency. However, the fee request is disproportionately large in comparison to the amount of time spent on the case. *See Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward

3

adjustment is similarly in order."). Counsel represents he spent 17.2 hours on the federal court appeal. Doc. 37 at 4. This would equate to an hourly rate of $744.88 if the request for $12,811.93 is granted.

In *Cole v. Berryhill*, I stated that a rate of $500 per hour would be more reasonable and consistent with previous awards both by this Court and other decisions in this District. Doc. 40, No. 14cv1167 SCY (Oct. 20, 2017). In 2021, I imposed a reasonable-fee ceiling of $550 per hour. *Martinez v. Kijakazi*, Doc. 29, No. 19cv980 SCY (Sept. 30, 2021). In late 2023, I recognized that the cost of legal services continues to rise, and so should the amount of a reasonable fee. In both 2023 and 2024, I have stated that a fee of $600 per hour is the highest reasonable rate based on my evaluation. *Bennett v. Kijakazi*, No. 21cv939 SCY, 2023 WL 7114595, at *2 (D.N.M. Oct. 27, 2023); *Fewell v. O'Malley*, No. 21cv398 KG-SCY, 2024 WL 3446525, at *2 (D.N.M. June 27, 2024), *report and recommendation adopted*, 2024 WL 3444334 (D.N.M. July 16, 2024).

These rates are consistently higher than I would award in a lodestar statutory fee-shifting context. Nonetheless, they are justified for several reasons. First, counsel was efficient in reaching a favorable result (counsel received a favorable result through expenditure of a relatively modest amount of time). Second, I appreciate the high risk involved in Social Security litigation for plaintiffs' counsel in general and recognize that the field is particularly specialized. Finally, I recognize that the work of plaintiffs' counsel is typically compensated through contingency fees rather than hourly rates. Plaintiff's counsel argues the full requested amount is considerably lower than a typical contingent fee recovery, which ranges from one-third to one-half of the total amount. Doc. 37 at 3-4. Although I do not intend to unilaterally convert the typical contingency fee arrangement, to which an attorney and client choose to enter, into an

hourly fee arrangement, I must consider whether a plaintiff counsel's fees are reasonable (particularly when the person paying those fees often has limited financial means). In addition, I am constrained by the Supreme Court's instructions to make "a downward adjustment" to the request if "the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 807. Therefore, I do not award more than the ceiling of what I find to be a reasonable hourly rate in these specialized cases.

## CONCLUSION

Plaintiff's Attorney's Motion For An Award Of Attorney's Fees Under 42 U.S.C. 406(b), Doc. 36, is GRANTED IN PART AND DENIED IN PART. I grant a fee award of $10,320, which represents $600 an hour, for legal services rendered in the United States District Court, payable to Keller & Keller LLP, to be paid from the claimant's past-due benefits. I further order that counsel must refund to Plaintiff any EAJA fees that were not previously garnished under the Treasury Offset Program.

*/s/ Steve Yarbrough*

**STEVEN C. YARBROUGH**
**United States Magistrate Judge**